

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460



JUL 6

OFFICE OF
ENFORCEMENT AND
COMPLIANCE ASSURANCE

William Leung, General Manager
Arkansas River Power Authority
P.O. Box 70
Lamar, CO 81052

    Re:    Maximum Achievable Control Technology Requirements for Arkansas River Power Project/Lamar Light and Power

Dear Mr. Leung:

On February 8, 2008, the United States Court of Appeals for the District of Columbia Circuit vacated EPA's Section 112(n) Revision Rule and its Clean Air Mercury Rule (CAMR) (*State of New Jersey* v. *EPA*, No. 05-1097). As referenced in the enclosed memorandum from Robert J. Meyers to the Regional Administrators dated January 7, 2009, as a result of the decision in the *State of New Jersey* matter, coal- and oil-fired electric generating units (EGUs), which were listed as a source category under Section 112 of the Clean Air Act, 42 U.S.C. § 7412 on December 20, 2000, remain on the Section 112 list and are subject to Section 112(g).

This letter is to notify you that coal- and oil-fired EGUs that began actual construction or reconstruction after December 15, 2000, including those that began actual construction between the March 29, 2005 publication of the Section 112(n) Revision Rule and the March 14, 2008 issuance of the mandate vacating that rule, and relied on the vacated Section 112(n) Revision Rule, are required to comply with the requirements of Section 112(g).[1] You must contact the appropriate permitting authority as expeditiously as possible to obtain a new source maximum achievable control technology (MACT) determination and a schedule for coming into compliance with the requirements of Section 112(g). As discussed in the attached Meyers memorandum, the fact that an EGU may have commenced construction before the Section 112(n) Revision Rule and CAMR were vacated does not permit the source to avoid obtaining a MACT determination and MACT emission limits for the source's hazardous air pollutants, pursuant to Clean Air Act Section 112(g). Failure to obtain a MACT determination may subject you to enforcement under Section 113 of the Clean Air Act, 42 U.S.C. § 7413. EPA's regulations implementing Section 112(g) can be found at 40 C.F.R. § 63.40-44. Section 112(g) application requirements can be found at 40 C.F.R. § 63.43(e). The permitting authority may also have additional requirements.

---

[1] EPA has not issued regulations implementing the requirements of 112(g) applicable to modifications. See 61 Fed. Reg. 68384, 86 (Dec. 27, 1996).

Internet Address (URL) ● http://www.epa.gov
Recycled/Recyclable ● Printed with Vegetable Oil Based Inks on 100% Postconsumer, Process Chlorine Free Recycled Paper



      If a source determines that it is not subject to the requirements of Section 112(g), the source should maintain a record of its applicability determination and all supporting analyses. The applicability determination and supporting analyses should contain accurate, detailed information that enables EPA and the permitting authority to make their own finding regarding the source's Section 112(g) applicability status.

      Please contact Gregory Fried of my staff at (202) 564-7016 if you have any questions.

                              Sincerely,

                              Adam M. Kushner
                              Director
                              Office of Civil Enforcement

Enclosure

Cc: Mr. Paul Tourangeau, CO DPHE