IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02974-DME-BNB

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

LAMAR UTILITIES BOARD d/b/a Lamar Light and Power, and
ARKANSAS RIVER POWER AUTHORITY,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER REGARDING INADVERTENT
PRODUCTION OF PRIVILEGED INFORMATION**

---

THE COURT, upon Plaintiff WildEarth Guardians ("WEG") and Defendants Lamar Utilities Board d/b/a Lamar Light and Power ("Lamar") and Arkansas River Power Authority ("ARPA") (collectively "the Parties') Stipulated Motion for Entry of Protective Order Regarding Privileged Information, hereby finds and concludes as follows:

WHEREAS the Parties are exchanging paper documents, electronically stored data, and other items as a part of the discovery process and exchange of information involved in this litigation;

WHEREAS the exchange of electronically stored data and other items is required or desirable because of discovery disclosures or reasonable informal requests in this litigation and the need to expedite the litigation;

WHEREAS the Parties are attempting to identify and withhold from production any information which the Parties believe to be privileged;

WHEREAS the nature and amount of items being exchanged, and the numbers of persons who might be involved in the process of searching, preserving, and exchanging information, create a problem and risk of inadvertent production;

WHEREAS there is a possibility that a producing party may inadvertently produce privileged and protected material to a receiving party; and

WHEREAS to facilitate exchanges of information during this litigation, the Parties have engaged in a conference which has resulted in a stipulation as to a reasonable method of resolving possible waiver issues as set forth below.

THEREFORE, the Parties have stipulated and moved the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

## **STIPULATED PROTECTIVE ORDER**

The Parties hereby agree and stipulate as follows:

1. <u>Scope</u>. This Order shall apply to both physical documents and also to materials that were stored in electronic form or are exchanged in electronic form.

2. <u>Definitions</u>. For purposes of this Order, the following definitions shall apply:

    (a) "Information" means any materials that are data, physical documents or electronic information that was either stored in electronic form, or is exchanged in electronic form, no matter what the data, document or electronic information exchanged, and no matter what the form or format.

    (b) "Privilege" means and includes the attorney-client privilege, the attorney work-product protection, or any other evidentiary privileges recognized under applicable law. The definitions of "attorney-client privilege" and "work-product protection" as set forth in Federal Rule of Evidence 502 are incorporated herein.

(c) "Inadvertent production" means production that has been done without an intentional and knowing relinquishment of the claim of privilege.

(d) "Producing Party" means the party producing the information to another party.

(e) "Receiving Party" means a party receiving an inadvertent production of privileged materials. "Receiving Party" includes a party to this litigation who only receives a copy of discovery responses, even though some other party to this litigation was the party that initiated a discovery request which resulted in the Producing Party producing the information.

3. <u>Duty to Review Prior to Production</u>. Before producing information to another party, a party shall take all reasonable steps to prevent the disclosure of privileged or protected information.

4. <u>No Waiver of Privilege</u>. The Parties understand and agree that in spite of reasonable efforts, an inadvertent disclosure can possibly be made. No waiver of privilege shall exist if, in connection with the instant litigation, a party inadvertently produces information subject to a claim of privilege.

Consistent with Federal Rule of Evidence 502, the inadvertent production in this litigation of privileged documents shall not waive any Privilege that would otherwise attach to the privileged documents in this litigation if the Producing Party complies with the provisions of this Protective Order. In addition, to the fullest extent authorized by Federal Rule of Evidence 502(d), the inadvertent disclosure of privileged documents in this litigation does not waive any

applicable Privilege in any other court action or to any persons who are not a party to this litigation.

5. <u>Duties in the Event of Inadvertent Disclosure</u>. If information produced in discovery is subject to a claim of privilege and is to be afforded protection under this agreement, the Producing Party must notify the Receiving Party of such inadvertent disclosure within ten (10) days after the Producing Party discovers that an inadvertent disclosure has occurred. The notice must (1) identify the inadvertently disclosed material and (2) notify the Receiving Party that the information was inadvertently disclosed and should have been withheld as privileged or protected. Unless the Receiving Party challenges the inadvertent disclosure claim under Paragraph 6, the Receiving Party shall, within five (5) business days, return to the Producing Party or destroy all copies of the inadvertently disclosed information and provide a certification of counsel that all such inadvertently disclosed information has been returned or destroyed. After receiving notice of inadvertent production, the Receiving Party shall make no direct or indirect use of the information or its contents pending further order of the Court. Unless the Receiving Party challenges the inadvertent disclosure claim under Paragraph 6, the Receiving Party shall not retain any copies in paper or electronic form of any such documents that were inadvertently produced. The Receiving Party must take reasonable steps to retrieve the information if the Receiving Party disclosed it to another person or entity before being notified by the Producing Party.

6. <u>Receiving Party Challenge Provision</u>. If the Receiving party believes in good faith that any privileged information identified as inadvertently produced is not protected under a privilege, or that such protections have been waived, the Receiving Party may, within five (5)

days of receipt of the Producing Party's demand for return of the information under Paragraph 5, provide the Producing Party with a written notice of dispute stating, with specificity, why the Receiving Party believes it need not return the information to the Producing Party.  If the parties cannot resolve the dispute informally, the Receiving Party may file an appropriate motion, no later than ten (10) days following the Receiving Party's written notice of dispute, requesting that the Court determine whether the Receiving Party must return the information to the Producing Party.  During the pendency of the dispute, the Receiving Party shall sequester the information and may not make any use of the information in dispute.  If the Receiving Party fails to file a Motion within the prescribed time, (1) the Receiving Party will be deemed to have waived any and all arguments that it is entitled to retain the disputed information or that the information is not privileged, and (2) the Receiving Party shall immediately return the information to the Producing Party, the Receiving Party shall not retain any copies of the information in any form, and the Receiving Party shall not disclose use the disputed information for any purpose.

SO ORDERED.

Dated April 20, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge