**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02974-DME-BNB

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

LAMAR UTILITIES BOARD d/b/a LAMAR LIGHT AND POWER, and
ARKANSAS RIVER POWER AUTHORITY,

    Defendants.

---

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY TO THEIR RENEWED REQUEST FOR ABSTENTION AND MOTION FOR SUMMARY JUDGMENT**

---

Defendants Lamar Utilities Board d/b/a Lamar Light and Power ("LUB") and Arkansas Power River Authority ("ARPA"), through their attorneys, Fairfield and Woods, P.C., hereby submit the following Notice of Supplemental Authority to their Renewed Request for Abstention and Motion for Summary Judgment and states as follows:

Since the completion of the parties' supplemental briefing on their respective motions for summary judgment [*see* Doc. Nos. 114, 115], two decisions were authored which are instructive as to the issues in this case: (1) the United States District Court for the District of Colorado issued its ruling in *WildEarth Guardians v. Public Service Company of Colorado d/b/a XCEL Energy*, Civil Action No. 09-cv-01576-WDM-KLM dated August 1, 2011 ("August 1 Order"), a copy of which is attached hereto as **Exhibit A**; and (2) the Office of State Administrative Hearings, State of Georgia issued its ruling

in *Friends of the Chattahoochee, Inc. v. F. Allen Barnes, Director, Environmental Protection Division, Georgia Department of Natural Resources*, Docket No. OSAH-BNR-AQ-1115157-60-Howells, a copy of which is attached hereto as **Exhibit B**. Specifically, the decisions bear on several of the issues raised by the Court in its January 13, 2011 Order Vacating Trial and Setting Briefing Schedule [Doc. No. 110], including: Issues (f), (g), (i), (j), (k), (n), (p), and (t). Each decision is addressed briefly below.

**I.**    *WEG v. Public Service Company of Colorado, d/b/a XCEL Energy.*

In *WildEarth Guardians*, the Honorable Walker D. Miller addressed the following issue: "whether Xcel's ongoing construction without a prior MACT determination until the revised permit of February 22, 2010, was a continuing violation of section 112(g) which exposes Xcel to civil penalties and liability for WildEarth's costs and attorneys' fees." **Ex. A** (August 1 Order at 3). Judge Miller found there was "no retroactive application of the annulment of the delisting rule" and ordered that "Plaintiff's claims be dismissed with prejudice, including any claim for penalties and attorneys' fees and costs." *Id.* at 10.

Importantly, in finding that retroactive application would be inequitable, Judge Miller found that Xcel should be entitled to rely on the advice of the regulators and regulations required at the time of permitting (*i.e.*, CAMR). *See* **Ex. A** (August 1 Order at 9) ("In essence, WildEarth agues that if Xcel had somehow ignored or avoided the explicit direction from its regulators to rely on CAMR rather than a MACT determination and proceeded with its original MACT determination, it would not be subject to its claims for injunctive relief. Such a result would not further the objectives of the CAA as much as Xcel's actual course of conduct.").

## II.   *Friends of the Chattahoochee v. Georgia Department of Natural Resources*

In *Friends of the Chattahoochee*, the Georgia Department of Natural Resources issued a permit amendment to Longleaf Energy Associates, LLC for its coal-fired power plant ("Longleaf facility"). Among other things, the permit amendment added limits and conditions and reclassified the facility as a minor source of hazardous air pollutants ("HAPs") based on revised estimates of HAP emissions which were derived from, among other things, the results of stack testing at the plant. Petitioners Friends of Chattahoochee, Inc. and Sierra Club challenged the reclassification of the Longleaf facility from a major source of HAPs to a minor source of HAPs.

The factual similarities between the Longleaf facility in *Friends of Chattahoochee* and the LRP in this litigation are striking and reveal that agencies such as CDPHE may allow a source to change its source status based on corrected emissions estimates and stack test data. Specifically:

- At the time the Longleaf PSD permit was issued, the Delisting Rule was in effect and the proposed Longleaf facility was exempt from regulation as a source of HAPS under Section 112 of the CAA. **Ex. B** (*Friends of Chattahoochee* at 2, n.3).

- Subsequent to the D.C. Circuit's decision in *New Jersey v. EPA*, Longleaf re-evaluated its project HAP emissions and concluded that it could be considered a "minor source" of HAPs and therefore, exempt from a case-by-case MACT analysis. *Id.* at 3.

- After Longleaf submitted an application to be considered a "minor source," and following public comment, the Environmental Protection Division ("EPD") of the

3

       Georgia Department of Natural Resources issued a final permit amendment to make Longleaf a "synthetic minor source" of HAPs. *Id.* at 4.

- In its minor source application, Longleaf included revised estimates of its HAP emissions, including revised estimates of HCl. "The revised HAP emissions were based on emission factors developed by Electric Power Research Institute ("ERPI"), emission estimates form the EPA's 1998 Utility Report to Congress, and the EPA 'Webfire' database, as well as new stack test data, and analysis of emission data." *Id.* at 5. According to the revised estimates, Longleaf projected that it would not emit more than 10 tons per year ("tpy"). *Id.*

       Thus, a coal fired power plant such as the LRP that was initially classified as a major source of HAPs can modify its permit to be reclassified as a minor source of HAPs based on revised emission estimates.

       Respectfully submitted this 24th day of August, 2011.

                                                FAIRFIELD AND WOODS, P.C.

                                      By: *s/ Jason B. Robinson*
                                            Craig N. Johnson
                                            Joseph B. Dischinger
                                            Jason B. Robinson
                                            1700 Lincoln Street, Suite 2400
                                            Denver, Colorado 80203
                                            Telephone:  303-830-2400
                                            Email:  cjohnson@fwlaw.com
                                            Email:  jdischinger@fwlaw.com
                                            Email:  jrobinson@fwlaw.com

                                            ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that this 24th day of August, 2011, I electronically filed the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY TO THEIR RENEWED REQUEST FOR ABSTENTION AND MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

>Michael Ray Harris, Esq.
>Kevin J. Lynch, Esq.
>University of Denver-Sturm College of Law
>2255 East Evans Avenue
>Denver, CO 80208
>mharris@law.du.edu
>klynch@law.du.edu

>By:  *s/ Lauren E. Styler*
>     Lauren E. Styler