# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Nos.   09-cv-02974-DME-BNB
                    11-cv-00742-DME-BNB

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

LAMAR UTILITIES BOARD doing business as LAMAR LIGHT AND POWER, and ARKANSAS RIVER POWER AUTHORITY,

    Defendants.

---

## ORDER

---

This matter comes before the Court on the parties' Joint Motion to Enter Consent Decree (Doc. 202). By this order, the Court notifies the parties of the Court's concerns with the proposed consent decree (Doc. 202-1).

1. The parties asked the Court to sign the consent decree. Because that is not necessary and because the Court lacks sufficient knowledge to make the findings and conclusions the parties make in the decree, the Court declines to sign the decree. But the Court will, after its review and if appropriate, approve the decree and enter it by separate order.

2. The consent decree provides that "[t]he Decree shall terminate automatically upon receipt of the payments required to be made by the Defendants . . . ." The decree requires Defendants to make specific payments during the first two years following entry of the consent decree (id. ¶¶ 5-10, 18-19), but also provides for the possibility of

additional payments that could accrue up through at least February 2022 (id. ¶¶ 17-18). The Court is concerned that, because of the conditional nature of some of these payments and the fact that their accrual may not be known for a number of years, it will not be possible to calculate a date certain for the automatic termination of the consent decree.

      3.  The consent decree currently provides 1) for the dismissal with prejudice "of Plaintiff's Complaints in the Actions"; 2) that "[t]he Decree shall terminate automatically upon receipt of the payments required to be made by the Defendants"; and 3) that, after the consent decree terminates automatically, "the Court shall retain jurisdiction to enforce the provisions of this Decree."  (Id. ¶¶ 25, 30.)  The Court is concerned that, after it dismisses the complaints with prejudice and after the consent decree terminates, the Court will be divested of jurisdiction necessary to enforce the terms of the already terminated consent decree.  See Picon v. Morris, 933 F.2d 660, 661 (8th Cir. 1991).  And the parties cannot give the Court this jurisdiction by consent or stipulation.  See Collins v. Youngblood, 8 F.3d 657, 659 (9th Cir. 1993).  The parties could provide that the consent decree terminate after the terms of the decree have been fully performed.  Such termination could occur automatically or upon notice to the Court from the parties.

      By this order, the Court does not intend to dictate any of the terms of the parties' consent decree.  Instead, the Court only makes the parties aware of the Court's concerns with some of the terms of the decree as currently written.  The parties may, if they wish, file a revised consent decree within ten days of the date of this order. Alternatively, if any of the parties conclude a hearing is necessary to address the Court's concerns, that party or parties should, within the same ten-day period, request

such a hearing. If the Court does not hear from the parties within ten days of the date this order is entered, the Court is not inclined to enter the consent decree on the terms proposed.

DONE AND SIGNED this __7th__ day of October, 2013.

BY THE COURT:

*s/ David M. Ebel*

---

DAVID M. EBEL
DISTRICT OF COLORADO